UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TARONTAE D. JACKSON,<br><br>                              Plaintiff,<br>   v.<br>DREW LAUER, *et al.*,<br><br>                              Defendants. | Case No. 3:23-cv-00245-ART-CLB<br><br>ORDER |

Plaintiff Tarontae D. Jackson brings this civil-rights action under 42 U.S.C. § 1983 to redress constitutional violations that he claims he suffered while incarcerated at Ely State Prison. (ECF No. 1-1). Plaintiff two notices updating his address and indicating that he was no longer incarcerated.  (ECF Nos. 10, 11). On March 20, 2024, this Court denied Jackson's application to proceed *in forma pauperis* for prisoners as moot and ordered him to file an application to proceed *in forma pauperis* for non-prisoners or pay the full $402 filing fee on or before April 22, 2024. (ECF No. 12). The Court warned Jackson that the action could be dismissed if he failed to file an application to proceed *in forma pauperis* for non-prisoners or pay the full $402 filing fee for a civil action by that deadline.  (*Id.* at 1).  That deadline expired and Jackson did not file an application to proceed *in forma pauperis* for non-prisoners, pay the full $402 filing fee, or otherwise respond, and the Court's order came back as undeliverable to the address that Plaintiff provided.

**I.    DISCUSSION**

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *See Carey v.*

1

1  *King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). In determining whether to dismiss an action on one of these grounds, the Court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987)).

The first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket, weigh in favor of dismissal of Jackson's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the Court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the Court's need to consider dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that "the persuasive force of" earlier Ninth Circuit cases that "implicitly accepted pursuit of less drastic alternatives prior to disobedience of the court's order as satisfying this element[,]" *i.e.*, like the "initial granting of leave to amend coupled

1   with the warning of dismissal for failure to comply[,]" have been "eroded" by
2   *Yourish*). Courts "need not exhaust every sanction short of dismissal before finally
3   dismissing a case, but must explore possible and meaningful alternatives."
4   *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Because this action
5   cannot realistically proceed until and unless Jackson either files a fully complete
6   application to proceed *in forma pauperis* or pays the $402 filing fee for a civil
7   action, the only alternative is to enter another order setting another deadline. But
8   the reality of repeating an ignored order is that it often only delays the inevitable
9   and squanders the Court's finite resources. The circumstances here do not
10  indicate that this case will be an exception: the Court's previous order came back
11  as undeliverable, and there is no evidence that a second order would even reach
12  Plaintiff.  Setting a second deadline is not a meaningful alternative given these
13  circumstances. So the fifth factor favors dismissal.
14  ///
15  ///
16  ///
17  ///
18  ///
19  ///
20  ///
21  ///
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

## II.  CONCLUSION

Having thoroughly considered these dismissal factors, the Court finds that they weigh in favor of dismissal. It is therefore ordered that this action is dismissed without prejudice based on Jackson's failure to file a fully complete application to proceed *in forma pauperis* for non-prisoners or pay the full $402 filing fee in compliance with this Court's March 20, 2024, order. The Clerk of Court is directed to enter judgment accordingly and close this case. No other documents may be filed in this now-closed case. If Jackson wishes to pursue his claims, he must file a complaint in a new case.

It is further ordered that Plaintiff's motion for a status check (ECF No. 9) is denied as moot.

DATED THIS 8th day of May 2024.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE